**ORIGINAL**

EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI 2286
Chief, Narcotics Section

THOMAS MUEHLECK 3591
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: 541-2850
Facsimile: 541-2958
Tom.Muehleck@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 7 - 2006

at ___ o'clock and ___ min ___ M
SUE B___    CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 04-00399-04 DAE |
| Plaintiff, ) | MEMORANDUM OF PLEA AGREEMENT |
| vs. ) | Date: |
| ) | Time: |
| ) | Judge: Hon. David A. Ezra |
| ANTONIO PANLASIGUI, JR., (04), ) | |
| aka "Tony," ) | |
| Defendant. ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, ANTONIO PANLASIGUI, JR., and his attorney, William A. Harrison, have agreed upon the following:

1.   Defendant acknowledges that he has been charged in the Superseding Indictment with violating Title 21, United States Code, Sections 841(a)(1), 843(b), and 846.

2.   Defendant has read the charges against him contained in the Superseding Indictment, and those charges have been fully explained to him by his attorney.

3.   Defendant fully understands the nature and elements of the crimes with which he has been charged.

4.   Defendant will enter a voluntary plea of guilty to Count 10 of the Superseding Indictment charging him with knowingly and intentionally attempting to possess with intent to distribute five grams or more of methamphetamine, its salts, isomers, and salts of its isomers, that is, 28 grams of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.  The prosecution agrees to move to dismiss the remaining counts of the Superseding Indictment as to Defendant after sentencing.

5.   Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.   Defendant enters this plea because he is in fact guilty of attempting to possess with intent to distribute five grams or more of methamphetamine, its salts, isomers, and salts of its isomers, that is, 28 grams of methamphetamine, its salts,

isomers, and salts of its isomers, as charged in Count 10 of the Superseding Indictment, and agrees that this plea is voluntary and not the result of force or threats.

7.  Defendant understands that the penalties for the offense to which he is pleading guilty include:

   a.  up to forty years imprisonment and a fine of up to $2,000,000, plus a term of supervised release of not less than four years and up to life as to Count 10 of the Superseding Indictment,

   b.  a minimum term of imprisonment of five years as to Count 10 of the Superseding Indictment, and

   c.  At the discretion of the Court, defendant may also be denied any or all federal benefits, as that term is defined in 21 USC §862, (a) for up to five years if this is defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances.  If this is defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in 21 USC §862(d).

In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

    8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

    During August 2004, the defendant was aware that Sham Vierra and Moses Kiakona were distributing ounces of methamphetamine on Maui. On August 20, 2004, the defendant telephoned Sham Vierra and asked Vierra for Kiakona's cellular telephone number. The defendant told Vierra that he had discussed with Kiakona the purchase of a quantity of methamphetamine and wished to speak with Kiakona via Kiakona's cellular telephone. On August 21, 2004, the defendant telephoned Sham Vierra and agreed to purchase 28 grams of methamphetamine from Vierra for $1,500. The defendant told Vierra that Kiakona had quoted him a price of $2,000 for an ounce of methamphetamine.

On August 22, 2004, the defendant called Sham Vierra's cellular telephone and left a message that he wanted to get his drugs that day. Later on August 22, 2004, the defendant telephoned Vierra again and asked to meet with Vierra at his house to complete the purchase of methamphetamine. The defendant intended to distribute the methamphetamine he had arranged to purchase from Sham Vierra.

9. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilt adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

11. The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the

grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

      a.  The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

      b.  If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

      c.  The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

      12.  The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The Defendant agrees that there is no

promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

13.  The Defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary pursuant to Guideline 6A1.1. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

14.  Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.  If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

        b.  If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

        c.  If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

        d.  At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

   e. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

   f. At a trial, defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substance as charged in the Superseding Indictment.

  15. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.  Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

  16. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

  17. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

  18. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the

nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

19. In the event that the Defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after Defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case in chief in the trial of the Defendant in this matter. Defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

DATED: Honolulu, Hawaii, 3/7/06.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI
Chief, Narcotics Section

THOMAS MUEHLECK
Assistant U.S. Attorney

ANTONIO PANLASIGUI, JR.
Defendant

WILLIAM A. HARRISON
Attorney for Defendant

10