| LAND COURT | | REGULAR SYSTEM |
|---|---|---|

Return By Mail ☐  Pick-Up ☐  To:

American Pioneer Financial Services
12894 S. Pony Express 600
Draper, Utah  84020

TG:  200625685
TGE:  A6-204-0465
Robynne S. Y. Y. Fukunaga

TITLE OF DOCUMENT:

### SUBORDINATION AGREEMENT

PARTIES TO DOCUMENT:

MORTGAGOR:    ANTONIO PANLASIGUI, JR.
              LEE-ANN PANLASIGUI

MORTGAGEE:    SUE BEITIA, CLERK UNITED STATES DISTRICT COURT,
              DISTRICT OF HAWAII
              300 Ala Moana Boulevard
              Honolulu, Hawaii  96850

TAX MAP KEY(S):    II-4-3-009:070         (This document consists of  10  pages.)

## **SUBORDINATION AGREEMENT**

THIS AGREEMENT made this _____ day of _____, 2004, by and between ANTONIO PANLASIGUI, JR. and LEE-ANN PANLASIGUI, husband and wife, whose address is 57 Piina Place, Lahaina, Maui, Hawaii 96761, hereinafter called "MORTGAGOR", and SUE BEITIA, CLERK UNITED STATES DISTRICT COURT, DISTRICT OF HAWAII, whose address is 300 Ala Moana Boulevard, Honolulu, Hawaii 96850, hereinafter called "MORTGAGEE";

W I T N E S S E T H:

WHEREAS, MORTGAGEE is the owner and holder of that certain Mortgage made by MORTGAGOR dated October 27, 2004, recorded in the Bureau of Conveyances of the State of Hawaii as Document No. 2004-219533, (hereinafter called "EXISTING MORTGAGE"), which is an existing mortgage on the property described in Exhibit "A" attached hereto and by reference made a part hereof, (hereinafter called "PROPERTY"), which PROPERTY is also subject to another existing Mortgage in favor of Maui County Employees Federal Credit Union, an association organized under the laws of the United States, dated August 25, 2005, recorded in said Bureau of Conveyances as Document No. 2005-173859, hereinafter called "OLD MCEFCU MORTGAGE", which has been or will be released; and

WHEREAS, MORTGAGOR desires to refinance the OLD MCEFCU MORTGAGE and obtain a new loan from Mortgage Electronic Registration Systems, Inc., organized and existing under the laws of Delaware, solely as nominee for Countrywide Home Loans, Inc., a New York corporation, ("COUNTRYWIDE"), whose address is 4500 Park

Granada MSN #SVB-314, Calabasas, California 91302-1613, in the sum of $735,000.00, which new loan must be secured by a new mortgage on the PROPERTY in favor of COUNTRYWIDE (hereinafter called "NEW MORTGAGE"); and

WHEREAS, COUNTRYWIDE requires that the NEW MORTGAGE be a "first mortgage" on the PROPERTY prior to the EXISTING MORTGAGE; and

WHEREAS, COUNTRYWIDE requires that the EXISTING MORTGAGE in favor of the MORTGAGEE be subordinated to the NEW MORTGAGE; and

WHEREAS, MORTGAGEE is willing to subordinate the EXISTING MORTGAGE to the NEW MORTGAGE provided that the MORTGAGOR agrees to the terms hereinafter set forth; NOW, THEREFORE,

## FURTHER WITNESSETH THAT:

The parties hereto, for and in consideration of the premises and the covenants and promises hereinafter set forth, do hereby covenant and agree as follows:

1. The EXISTING MORTGAGE dated October 27, 2004, and the lien thereof and the security interest created thereby is and shall be subject, junior, and subordinate in all respects to the lien of the NEW MORTGAGE in favor of COUNTRYWIDE to secure the sum of $735,000.00 loaned or to be loaned to MORTGAGOR, as fully and effectually as though the NEW MORTGAGE had been executed, delivered and recorded and all indebtedness secured or to be secured thereby had been advanced to the MORTGAGOR prior to the execution, delivery, and recordation or filing of the EXISTING MORTGAGE.

2. The NEW MORTGAGE may be enforced against the PROPERTY without first or concurrently resorting to or exhausting any other security or collateral or rights held by COUNTRYWIDE, through foreclosure or otherwise. MORTGAGEE will not require marshalling.

3. The lien and security interest created by the EXISTING MORTGAGE shall be and at all times remain junior, subject and subordinate to the lien and security interest created by said NEW MORTGAGE, notwithstanding (i) extensions of the time of payment of the indebtedness secured by said NEW MORTGAGE, (ii) substitutions, exchanges or releases of all or any part of the security for the loan secured by said NEW MORTGAGE, and (iii) waivers of any of the terms, covenants or conditions set forth in said NEW MORTGAGE or in any instrument secured thereby, it being the intention hereof that the liens and security interests created by the EXISTING MORTGAGE shall be junior, subject and subordinate to the lien and security interest created by said NEW MORTGAGE until the indebtedness secured by said NEW MORTGAGE shall have been fully paid, notwithstanding any act, omission or thing which might otherwise operate to give the EXISTING MORTGAGE priority, in any respect, over said NEW MORTGAGE.

4. This Subordination Agreement, and the effectiveness and validity thereof, shall be conditioned on the cancellation and release the OLD MCEFCU MORTGAGE.

5. Except as contained herein, nothing shall affect any and all rights of the MORTGAGEE reserved pursuant to the EXISTING MORTGAGE it now holds or may hereafter hold affecting any fee or leasehold interest in the PROPERTY.

6. This subordination is limited to the NEW MORTGAGE only and shall not apply to any other loan or encumbrance nor shall subordination by MORTGAGEE to said NEW MORTGAGE be construed to be a subordination to any other lien, mortgage or encumbrance whatsoever relating to the PROPERTY.

7. In the event of any default or breach of the terms and conditions hereinabove set forth by the MORTGAGOR, said breach or default shall be deemed a breach or default of the EXISTING MORTGAGE and the NEW MORTGAGE and shall be subject to the remedies in law and in equity as provided in the EXISTING MORTGAGE and the NEW MORTGAGE.

8. The MORTGAGOR shall pay any attorney's fees and costs incurred by MORTGAGEE and COUNTRYWIDE to enforce any breach or default by the MORTGAGOR on the terms and conditions set forth herein.

9. This Agreement shall inure to the benefit of and be binding upon the parties hereto and their respective heirs, personal representatives, successors, successors in interest, and assigns.

10. The parties hereto agree that this instrument may be executed in counterparts, each of which shall be deemed an original, and said counterparts shall together constitute one and the same agreement, binding all of the parties hereto, notwithstanding all of the parties are not signatory to the original or the same counterparts. For all purposes, including, without limitation, recordation, filing and delivery of this instrument, duplicate unexecuted and unacknowledged pages of the counterparts may be discarded and the remaining pages assembled as one document.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed on the day and year first above written.

Approved as to Form
**CARLSMITH BALL LLP**

By /s/ *Paul M. Ueoka*

MORTGAGOR:

_____
ANTONIO PANLASIGUI, JR.

_____
LEE-ANN PANLASIGUI

MORTGAGEE:

_____
SUE BEITIA, CLERK UNITED STATES DISTRICT COURT, DISTRICT OF HAWAII

STATE OF HAWAII          )
                         )  ss.
COUNTY OF MAUI           )


        On this _____ day of _____, 2006, before me personally appeared ANTONIO PANLASIGUI, JR. and LEE-ANN PANLASIGUI, to me personally known/proved to me on the basis of satisfactory evidence, who, being by me duly sworn or affirmed, did say that such persons executed the foregoing instrument as the free act and deed of such persons, and if applicable in the capacity shown, having been duly authorized to execute such instrument in such capacity.


        _____
        Name: _____
        Notary Public, State of Hawaii
        My commission expires: _____

STATE OF HAWAII                            )
                                           )  ss.
CITY AND COUNTY OF HONOLULU )

        On this 25th day of July, 2006, before me personally appeared SUE BEITIA, CLERK UNITED STATES DISTRICT COURT, DISTRICT OF HAWAII, to me personally known, who, being by me duly sworn or affirmed, did say that such person executed the foregoing instrument as the free act and deed of such person, and if applicable in the capacity shown, having been duly authorized to execute such instrument in such capacity.

Name: _Eileen Chun Sakoda_

Notary Public, State of Hawaii

My commission expires: 3-20-2008

8.

**EXHIBIT "A"**

All of that certain parcel of land situate at Kahana, Lahaina, Island and County of Maui, State of Hawaii, being LOT 18 of the "KAPUA VILLAGE SUBDIVISION", as shown on File Plan Number 2332, filed in the Bureau of Conveyances of the State of Hawaii, and containing an area of 6,084 square feet, more or less.

SUBJECT, HOWEVER, to the following:

1. Reservation in favor of the State of Hawaii of all mineral and metallic mines.

2. Lease in favor of Maui Electric Company, Ltd., and GTE Hawaiian Telephone Company Incorporated, now known as Hawaiian Telcom, Inc., dated October 9, 1961, recorded in said Bureau of Conveyances in Liber 4162 on Page 301, leasing rights-of-way, each 25 feet in width.

3. The terms and provisions, including the failure to comply with any covenants, conditions and reservations, contained in Notice Of Airport And Aircraft Operations dated November 26, 1984, recorded in said Bureau of Conveyances in Liber 18291 on Page 140, by and between Maui Land & Pineapple Company, Inc., ("MLP") a Hawaii corporation, and Hawaiian Airlines, Inc., ("HAL") a Hawaii corporation.

4. The terms and provisions, including the failure to comply with any covenants, conditions and reservations contained in Declaration To Restrict Use Of Certain Lots Of The Kapua Village Subdivision To Satisfy Conditions Imposed By The Maui Planning Commission dated October 30, 2002, recorded in said Bureau of Conveyances as Document No. 2002-199181.

5. The terms and provisions, including the failure to comply with any covenants, conditions and reservations, contained in Declaration of Covenants, Conditions, and Restrictions for the Kapua Village Subdivision dated October 30, 2002, recorded in said Bureau of Conveyances as Document No. 2002-199182.

6. The terms and provisions, including the failure to comply with any covenants, conditions and reservations contained in Kapua Village Subdivision Housing Covenant And Repurchase Option dated --- (effective January 1, 2003), recorded in said Bureau of Conveyances as Document No. 2003-069793.

The foregoing includes, but is not limited to, matters relating to options/restrictions on resale.

7. The terms and provisions, including the failure to comply with any covenants, conditions and reservations, contained in Warranty Deed dated April 10, 2003, recorded in said Bureau of Conveyances as Document No. 2003-069794.

    The foregoing includes, but is not limited to, matters relating to options/restrictions on resale.

    8. Mortgage in favor of Walter A. Y. H. Chinn, Clerk United States District Court, District of Hawaii, dated October 27, 2004, recorded in said Bureau of Conveyances as Document No. 2004-219533.

    Being the same premises conveyed to the Grantor by Deed dated _____, of Antonio Panlasigui, Jr. and Lee-Ann Panlasigui, Trustees of the Antonio Panlasigui, Jr. and Lee-Ann Panlasigui Revocable Living Trust dated May 27, 2005, to be recorded in said Bureau of Conveyances simultaneously with but prior to this Subordination Agreement.

    NOTE:  There is hereby omitted from any covenants, conditions and reservations contained herein any covenant or restriction based on race, color, religion, sex, sexual orientation, familial status, marital status, disability, handicap, national origin, ancestry, or source of income, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law.  Lawful restrictions under state or federal law on the age of occupants in senior housing or housing for older persons shall not be construed as restrictions based on familial status.

4827-5640-0129.2.019999-00143