| A. **Settlement Statement** | U.S. Department of Housing and Urban Development | OMB Approval No. 2502-0265<br>ESCROW NO. A6-204-0465<br>OFFICER ROBYNNE FUKUNAGA |
|---|---|---|

**B. Type of Loan**

1. ☐ FHA  2. ☐ FmHA  3. ☐ Conv. Unins.  6. File Number:  7. Loan Number: 141266377  8. Mortgage Insurance Case Number:
4. ☐ VA  5. ☐ Conv. Ins.

**C. Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

**D. Name & Address of Borrower:**
ANTONIO PANLASIGUI, JR
LEE-ANN PANLASIGUI
57 PIINA PL
LAHAINA HI  96761

**E. Name & Address of Seller:**

**F. Name & Address of Lender:**
COUNTRYWIDE HOME LOANS INC
841 BISHOP ST STE 1530
HONOLULU HI  96813

**G. Property Location:**
(2)4/3/009/070  CPR:0000
57 PIINA PL
LOT 18
LAHAINA HI  96761-5923

**H. Settlement Agent:**
TITLE GUARANTY ESCROW SERVICES, INC.
235 QUEEN STREET
HONOLULU, HAWAII 96813

**Place of Settlement:**
KAHULUI OFFICE
80 PUUNENE AVE
KAHULUI HI  96732

**I. Settlement Date:**
7/14/2006

```
J. SUMMARY OF BORROWER'S TRANSACTION

100   GROSS-AMOUNT DUE FROM BORROWER:
 103  SETTLEMENT CHARGES TO BORROWER (LINE 1400)                          89,580.98
 104  Payoff to: MIDWEST LOAN SERVICE                                    539,000.00

      ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE
 120  GROSS AMOUNT DUE FROM BORROWER                                     628,580.98

200   AMOUNTS PAID BY OR IN BEHALF OF BORROWER:
 202  PRINCIPAL AMOUNT OF NEW LOAN(S)                                    735,000.00

      ADJUSTMENTS FOR ITEMS UNPAID BY SELLER

 220  TOTAL PAID BY/FOR BORROWER                                         735,000.00

300   CASH AT SETTLEMENT FROM/TO BORROWER:
 301  GROSS AMOUNT DUE FROM BORROWER (LINE 120)                          628,580.98
 302  LESS AMOUNT PAID BY/FOR BORROWER (LINE 220)                        735,000.00
                                                                        ----------------
 303  CASH TO BORROWER                                                   106,419.02
```

TENTATIVE   HUD-1 SETTLEMENT STATEMENT     DATED:  7/14/2006
STATEMENT IS CONTINUED - THE 2ND PAGE ATTACHED HERETO IS A PART HEREOF.                                      RSF:MRS

```
L. SETTLEMENT CHARGES                                                        PAID FROM
                                                                             BORROWER'S
                                                                             FUNDS AT
                                                                             SETTLEMENT

 700  TOTAL SALES/BROKER'S COMMISSION

 800  ITEMS PAYABLE IN CONNECTION WITH LOAN
 801  Loan Origination fee   0.049 %     COUNTRYWIDE HOME L                       320.00
 803  Appraisal fee to ACM Consultants                    625.00 (POC)              0.00
 804  Credit Report to Landsafe Credit                     15.00 (POC)              0.00
 808  Doc Prep Fee to Countrywide Home Loans                                      325.00
 812  Flood Check Fee            to Landsafe Flood                                 26.00
 813  Processing Fee             to Financial Choices of Am                       595.00
 814  Origination Fee            to American Pioneer Fin Svc                   14,700.00
 815  Administration Fee         to American Pioneer Fin Svc                      595.00
 816  Broker Loan Fee            to Financial Choices of Am                        25.00
 817  Prem paid to Brkr by CHL   to American Pioneer Fin  11,025.00 (POC)           0.00

 900  ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE
 901  Interest from 07/14/06 to 08/01/06 @ $ 135.79    /day                     2,763.72

1000  RESERVES DEPOSITED WITH LENDER
1001  Haz Insurance    02 Mo @$    149.34   /Mo COUNTRYWIDE                       298.68
1005  Cnty Prop Taxes  02 Mo @$    120.72   /Mo COUNTRYWIDE                       241.44
1010                   00 Mo @$            /Mo                                      0.00

1100  TITLE CHARGES
1101  Escrow fee to TITLE GUARANTY ESCROW                                         703.13
1105  Document prep to CARLSMITH BALL LLP                                         281.23
      Document prep to CARLSMITH BALL LLP                                         182.28
1108  Title insurance prem to TITLE GUARANTY OF HAWAII                          2,125.00
      (Includes Above Item Numbers: 1102 Abstract of Title or Title Search
1109  Lender's Coverage                   735,000.00

1200  GOVERNMENT RECORDING AND TRANSFER CHARGES
1201  Record'g/filing fee                                                         150.00
          DEED                     $   75.00
          MORTGAGE                 $   50.00
          RELEASE OF MORTGAGE      $   25.00

1300  ADDITIONAL SETTLEMENT CHARGES
1301  Personal Loan Payoff to MAUI COUNTY EMPLOYEES FCU                        47,908.00
          Loan no. 1790400100706
          PRINCIPAL BALANCE                 47,908.00
1302  Personal Loan Payoff to AMERICAN HONDA FINANCE CORP                         568.00
          Loan no. 46659461
          PRINCIPAL BALANCE                    568.00
1303  Personal Loan Payoff to FIRST HAWAIIAN BANK                                5,155.00
          Loan no. 541611605001
          PRINCIPAL BALANCE                  5,155.00
1304  Personal Loan Payoff to AMERICAN SAVINGS BANK                                476.00
          Loan no. 749080331900001
          PRINCIPAL BALANCE                    476.00
1305  Credit Card Paydown to CITIBANK                                          11,280.00
1306  Credit Card Paydown to BANK OF AMERICA                                      154.00
1307  R.P. Taxes to DIRECTOR OF FINANCE                                           708.50
          REAL PROPERTY                        708.50

1400  TOTAL SETTLEMENT CHARGES (ENTER ON LINE 103, SECTION J)                 89,580.98


      The undersigned read and understands the Controlled Business Arrangement
      Disclosure Statement from Title Guaranty Escrow Services, Inc.
```

TENTATIVE   HUD-1 SETTLEMENT STATEMENT    DATED:  7/14/2006
STATEMENT IS CONTINUED - THE 3RD PAGE ATTACHED HERETO IS A PART HEREOF.                 RSF:MRS

| L. SETTLEMENT CHARGES | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT |
|---|---|---|
| Payoff to: MIDWEST LOAN SERVICE | | 539,000.00 |
| Loan no. 700173 | | |
| Principal balance | 539,000.00 | |

Starting July 1, 2005, Hawaii Revised Statutes 247-2 became effective.  Title Guaranty Escrow Services, Inc. (TG) will collect and pay at closing the conveyance tax amount based upon HRS 247-2 (2)A, B, or C, unless three business days prior to closing, TG is in receipt of a buyer-signed Conveyance Tax Certificate P64-A Rev 2005 stating that a lower rate applies.

Note: For mortgage payoffs, NOT pertaining to property being mortgaged; Escrow will instruct the lender(s), upon payoff, to direct all cancelled mortgage documents, including the Release of Mortgage, to the Borrower.  The Borrower is responsible to ensure that the Release document is properly recorded.

TENTATIVE   HUD-1 SETTLEMENT STATEMENT     DATED:   7/14/2006

STATEMENT IS CONTINUED - THE 4TH PAGE ATTACHED HERETO IS A PART HEREOF.                                    RSF:MRS

**To view this form in a larger text, go to www.tghawaii.com Real Estate Forms Library.**

## ESCROW INSTRUCTIONS and GENERAL PROVISIONS

The Escrow Instructions and General Provisions (the "Escrow Instructions") under which this escrow will be processed are printed below. Please read them carefully. If you have any questions, please contact your escrow officer. If you want any changes, you must request them in writing. Any requested changes must be received and accepted by Escrow and all other parties to this escrow within ten days of the date of this notice. Otherwise, all of the Escrow Instructions on this page shall govern this transaction.

### ESCROW INSTRUCTIONS

To: Title Guaranty Escrow Services, Inc. ("Escrow")

The Parties agree to the sale and purchase, or exchange, of the referenced property.

Escrow will collect and hold all documents and funds delivered to Escrow pursuant to the Contract and the Escrow Instructions. If the Parties have not delivered to Escrow all appropriate and necessary documents, Escrow is authorized to have them prepared for execution. Escrow is authorized to deliver or record, or both, said documents and to apply and disburse the funds delivered to Escrow pursuant to the Contract, these Escrow Instructions and the closing statement, when Escrow has obtained said documents and funds and can obtain title insurance or title reports as designated in the closing statement and the Contract.

### TENTATIVE CLOSING STATEMENTS ONLY

The Tentative Closing Statement is based upon a proration of charges as of a specified date and the understanding that all necessary payments will be current to that date by the Parties. If the proration date changes or the necessary payments have not been kept current, Escrow is authorized to close this transaction and to make all necessary payments and adjust all prorations to the date of closing, unless another date has been agreed upon by the Parties.

### GENERAL PROVISIONS

1. "Contract" means the agreement (including amendments, if any) received by Escrow pertaining to this transaction. "Escrow" means Title Guaranty Escrow Services, Inc., a Hawaii corporation. "Party" means each Buyer and Seller, and in any exchange transaction, each Principal. Unless otherwise agreed to in writing by the relevant parties, all Notices and communications may be delivered by: U.S. Mail, postage prepaid; hand-delivery; facsimile or other electronic transmission.

2. Time is of the essence in this transaction. Any Party, not being in default, shall have all remedies available in law or in equity against any other Party for such other Party's default. If this transaction is not in a condition to close as and when provided hereunder, or at the time of any extensions made pursuant to the Contract, any Party may, in writing, demand the delivery of any money, property or documents deposited with Escrow by that Party. Escrow shall deliver a copy of such demand to the other Party. Unless Escrow considers itself unable to comply with the demand, or unless the other Party objects to the demand in writing within fifteen (15) days of Notice by Escrow, Escrow may comply with the demand or proceed under paragraph 11, below. If the agreed upon closing date has passed, and Escrow has not received a written demand as provided above, Escrow will continue to process this transaction and close as promptly as practicable.

3. Escrow is required to verify that all deposits have been cleared by the financial institution into which they are deposited before the funds can be disbursed. To avoid delays, deposits should be made by wire transfer or cashiers or certified check drawn on a Hawaii financial institution not less than 48 hours prior to a scheduled disbursement. Funds received in this escrow may be deposited with other escrow funds in any Federally insured Hawaii financial institution. The Parties acknowledge that federal law and regulations limit the amount of insurance on insured deposit accounts to $100,000 per depositor. Escrow may have other deposit accounts in the financial institution in which the funds for this escrow are deposited. The cumulative effect of other accounts of Escrow may limit the amount of insurance available for the funds deposited in this escrow. The Parties agree that Escrow has no liability in the event of failure, insolvency or inability of a financial institution to pay funds deposited, or interest, upon demand for withdrawal. The sole responsibility of Escrow is to make the deposit.

4. Hawaii law provides that when an escrow depository holds funds in escrow, any interest earned on those funds during the time they are held in escrow shall accrue to the credit of the purchaser in the transaction unless written instructions to the contrary are given to the escrow depository. To defray the costs of special handling and accounting for such interest, an administrative fee of Twenty-five Dollars ($25.00) will be added to the normal escrow fees, to be paid by the Party to whom the interest is paid. Because in many instances the administrative charge will exceed any accrued interest, unless the Parties otherwise instruct Escrow in writing, the Parties will be deemed to have waived the accrual of interest and these Escrow Instructions will constitute written instructions to Escrow not to open an interest-bearing account for the deposit, in which case the $25.00 charge will not be applicable and the funds may be placed in a sweep account until needed for the transaction. All interest or earnings on the sweep account will accrue to Escrow. If the Parties instruct Escrow to open an interest-bearing account, the charge will be applicable and the Party to whom interest accrues must supply the applicable Social Security Number or other Tax Identification number. A minimum of two (2) business days will be required prior to closing to withdraw and disburse invested funds.

5. The Parties agree to pay all charges, including the fees of Escrow, incurred in connection with this transaction, even if the transaction does not close. Consent fees and other fees required to be paid in advance in order to process this transaction may be paid by Escrow from funds held in escrow prior to closing.

6. Escrow's sole responsibility shall be to comply with the written instructions given to and accepted by it. Any amendment to these Escrow Instructions must be in writing and accepted by Escrow. If there is any conflict between the Contract and these Escrow Instructions, these Escrow Instructions shall control.

7. Escrow is neither responsible for nor assumes any liability for the obligation of any Party to comply with disclosure requirements under Hawaii law, including without limitation, Haw. Rev. Stat. 508-D, 514A-61, 516-71 and 516D-11.

8. In most instances, each Party's Tentative Closing Statement and Final Closing Statement will differ. Copies of such statements will be furnished to the Party named therein and such Party's real estate agent. The Federal Real Estate Settlement Procedures Act requires that Escrow supply the Buyer's and Seller's closing statements to the Buyer's lending institution.

9. Unless otherwise agreed upon, all prorations and adjustments shall be made as of the date upon which the appropriate documents are recorded. All adjustments and prorations shall be made on the basis of a 30-day month. All disbursements may be made by Escrow's check or by wire transfer. A wire transfer fee of $20.00 will be charged.

10. The Parties acknowledge that Escrow is not a title abstractor or title insurer. It is the duty of the Parties to determine the condition of title and all physical attributes of the property, including without limitation, any facts which a correct survey or inspection of the property would disclose.

11. If any dispute arises with respect to this transaction, or any demand is received by Escrow and Escrow is uncertain as to its duties hereunder, Escrow may at its sole election and without any liability: (1) await, without taking any action, the determination of such dispute by the Parties; or (2) file a suit in interpleader or institute other action in any court of competent jurisdiction for the purpose of having the respective rights and duties of Escrow and the Parties adjudicated. The Parties shall be liable to Escrow for all costs and expenses, including reasonable attorney's fees, incurred by Escrow in connection with any dispute or legal action.

```
TENTATIVE   HUD-1 SETTLEMENT STATEMENT      DATED:  7/14/2006
```

(Rev. 11/03)

STATEMENT IS CONTINUED - THE 5TH PAGE ATTACHED HERETO IS A PART HEREOF.    RSF:MRS

12. To comply with certain Federal and State Withholding Requirements, Escrow will request from the Seller a Non-Foreign affidavit or other exemption form pursuant to the IRS Code (FIRPTA) and a Non-Resident affidavit or other exemption form pursuant to Hawaii law (HARPTA). If FIRPTA/HARPTA payments are to be made by Escrow to the IRS and/or State of Hawaii Department of Taxation, Escrow will prepare the FIRPTA/HARPTA forms to attach to the payments and charge Seller $25.00 for each FIRPTA/HARPTA form. If the Seller has applied for reduction in the withholding amount and closing is scheduled to occur before the applicable withholding certificate is received, Escrow will prepare its withholding agreement to be signed by Seller, Buyer and broker prior to closing. If the transaction involves payment to a non-resident alien, Escrow may also be required to withhold up to thirty percent (30%) of such payment under Federal law. Escrow recommends that such party consult with a tax consultant as to this matter.

13. If Escrow is instructed to hold funds after recordation, an additional fee of $25 per month will be assessed on funds remaining in the escrow account after sixty (60) days from the recordation date or such later date as may be agreed in writing by Escrow. If funds are not fully disbursed from any account which Escrow deems dormant, Escrow reserves the right to: (1) give a final Notice to the appropriate party; (2) charge a reasonable processing fee of $5.00 per month after thirty (30) days from the date of final Notice and deduct that fee from the balance remaining in the dormant account; and, (3) escheat the balance of funds in the dormant account to the State of Hawaii, pursuant to Chapter 523A, Hawaii Revised Statutes. An escrow account is deemed dormant if there is no activity for two (2) years after the later of closing or the last disbursement from the account.

14. Documents required for this transaction may be prepared by an attorney designated by a Party. If Escrow is not instructed as to the attorney to prepare the documents, Escrow will select an attorney. Each party is encouraged to have an attorney review all documents prior to them being signed.

15. These Escrow Instructions and other instructions, agreements, approvals or Notices regarding this transaction may be signed in counterparts, and unless otherwise required in writing by a Party or by Escrow, a facsimile or electronically-transmitted signature or communication as permitted by the Uniform Electronic Transactions Act, shall be as binding and effective for all purposes as the original. Escrow shall have no duty to inquire into or have responsibility for the form, content, due execution, genuineness, validity, sufficiency or enforceability of any agreement, documents, certification, or other papers received by Escrow. The Parties acknowledge that Escrow will assume that all papers received by it have been signed by the proper person, that each such person had capacity and authority to so sign, and that such papers have been signed by the persons whose signatures purport to appear thereon. Escrow shall have no duty to inform any Party regarding any facts which Escrow may have acquired outside this transaction and which concern the property covered by this escrow, unless otherwise requested in writing.

16. Hawaii Law shall govern this escrow. The liability of all Parties shall be joint and several unless otherwise expressly stated. All duties, rights and benefits shall inure to and be binding upon the Parties and their respective heirs, personal representatives, successors and assigns.

## DIRECTION OF FUNDS

Please disburse our Proceeds / Refund check as follows. Please select one.

_____ **Wire Transfer** (a fee of $20.00 per wire will be charged)   _____ **Send via Courier** (appropriate fee will be charged)

Bank Name: _____   _____ Express Mail US Postal Service

Bank Address: _____   _____ Federal Express FED EX

Bank Address: _____   _____ DHL Courier Service

ABA Routing number: _____   Address as follows:

Credit the Account of: _____   _____

Account Number: _____   _____

_____ **Direct Deposit into Savings/Checking Account**
(Hawaii Institutions only)
Deposit Slip Attached <u>or</u> deposit as follows:   _____

Bank Name: _____   Phone: _____

Account Number / Type: _____   _____ **Pick up Proceeds/Refund at the following TG Location.**

Name on Account: _____   _____

## PLEASE SIGN BELOW -- RETURN ONE COPY TO ESCROW

**I have carefully reviewed this Settlement Statement and to the best of my knowledge and belief, it is true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of this Settlement Statement.**

_____

_____

_____

**This Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.**

**I certify that copies of this Statement have been mailed or delivered to the Buyer and Seller named herein.**

**THESE ESCROW INSTRUCTIONS ARE ACCEPTED BY THE UNDERSIGNED.**

**Future Mailing Address:**

_____
Settlement Agent
**TITLE GUARANTY ESCROW SERVICES, INC.**

_____
Date

**WARNING:** It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

A6-204-0465   52410   RSF:MRS   TENTATIVE   HUD-1   SETTLEMENT STATEMENT   DATED:   7/14/2006   (Rev. 11/03)